IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CY RICHARD EDWARDS,<br><br>    Plaintiff,<br><br>  v.<br><br>PELICAN BAY STATE PRISON, et al.,<br><br>    Defendants.<br>_____ / | No. C 07-03495 SBA (PR)<br><br>**ORDER OF DISMISSAL** |

    Plaintiff, a state prisoner, has filed a pro se complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915. Plaintiff has not exhausted California's prison administrative process, however.

    The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner,

1 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all prisoner suits about prison
2 life, whether they involve general circumstances or particular episodes, and whether they allege
3 excessive force or some other wrong. Porter, 534 U.S. at 532. PLRA's exhaustion requirement
4 requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81,
5 94 (2006).

6     The State of California provides its prisoners the right to appeal administratively "any
7 departmental decision, action, condition or policy perceived by those individuals as adversely
8 affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them the right to file
9 appeals alleging misconduct by correctional officers/officials. Id. § 3084.1(e). In order to exhaust
10 available administrative remedies within this system, a prisoner must proceed through several levels
11 of appeal: (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form;
12 (3) second level appeal to the institution head or designee; and (4) third level appeal to the Director
13 of the California Department of Corrections. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal.
14 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review
15 satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

16     Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by
17 defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b).
18 Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). However, a complaint may be dismissed
19 by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to
20 exhaustion applies." Id. at 1120. Here, Plaintiff concedes he has not exhausted his administrative
21 remedies. Plaintiff has not presented any extraordinary circumstances which might compel that he
22 be excused from complying with PLRA's exhaustion requirement. Cf. Booth, 532 U.S. at 741 n.6
23 (courts should not read "futility or other exceptions" into § 1997e(a)).

24     Accordingly, Plaintiff's request to proceed in forma pauperis is DENIED, and the complaint
25 is DISMISSED without prejudice to refiling after exhausting California's prison administrative
26 process. See McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be
27 dismissed without prejudice unless prisoner exhausted available administrative remedies before he
28 filed suit, even if prisoner fully exhausts while the suit is pending).

**United States District Court**
For the Northern District of California

1   The Court has rendered its final decision on this matter; therefore, this Order TERMINATES
2   Plaintiff's case. The Clerk of the Court shall close the file and terminate any pending motions.
3   IT IS SO ORDERED.
4   DATED: 10/16/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.07\Edwards3495.dismiss-UNEXH.wpd

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CY RICHARD EDWARDS,

        Plaintiff,

  v.

PELICAN STATE PRISON et al,

        Defendant.

Case Number: CV07-03495 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 17, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Cy Richard Edwards F40478
1015 East Compton Avenue
Compton, CA 90221

Dated: October 17, 2008

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.07\Edwards3495.dismiss-UNEXH.wpd